## F. M. OTT *v.* GEORGE McELVEEN.

[58 South. 709.]

APPEAL AND ERROR.   *Divisible judgment.   Reversal as to one party.*

Where in a suit on an attachment bond against the principal and surety, judgment was rendered against both for a greater amount than the penalty of the bond, this was erroneous as to the surety, but did not render the judgment indivisible, so as to require a reversal of the judgment, against the principal, upon reversing the judgment and dismissing the suit as to the surety.

APPEAL from the circuit court of Pike county.
HON. D. M. MILLER, Judge.
Suit by F. M. Ott against George McElveen.   From a judgment for defendant, plaintiff appeals.
The facts are fully stated in the opinion of the court.

*R. W. Cutrer,* for appellant.

The trial judge in the court below took the position that as the judgment entered by the justice of the peace was against both McElveen and Wall for one hundred and ninety-seven dollars, the same was void as to Wall because in excess of the bond signed by him, and being void as to Wall, the same was void as to McElveen, and this too, notwithstanding the fact the suit and judgment had been dismissed as to Wall.   Grant, only for the sake of this argument, the suit had not been or could not be dismissed against Wall, and that the judgment should not have been entered by the justice of the peace against Wall for more than the amount of the bond, eighty-five dollars.

We say the justice of the peace could have entered a valid judgment against him for this amount.   This being true, then on review of the record on the writ of *cer-*

*tiorari,* the court below, if the suit had not been dismissed against Wall, should have entered judgment against him for the amount of the bond, and the judgment against McElveen should not have been disturbed.

The court below manifestly erred when it reversed the judgment of the justice of the peace and entered judgment for defendant.

The evidence introduced on the trial of this case in the justice court showed that Ott had been damaged in the sum of one hundred and ninety-seven dollars by the suing out of the attachment and garnishment writs against him by McElveen, and that the suit was instituted by McElveen wilfully, maliciously and without probable cause for the purpose of damaging and injuring Ott's good name and character, and to satisfy a petit grievance McElveen held against him.

Ott was unable to have a jury impaneled to assess his damages in the attachment suit, because before the return day, McElveen paid up the costs and dismissed same.

It was proper therefore to bring this suit for the collection of such damages as was sustained by him in the attachment suit. *Buckley et al.* v. *Van Diver,* 70 Miss. 622.

*H. V. Wall* and *Cassedy & Butler,* for appellee.

It appears that the suit was against McElveen and his surety on the bond and the bond was for only eighty-five dollars. This being true and the judgment being for one hundred and ninety-seven dollars against both defendants, a sum largely in excess of the penalty of the bond, then certainly the judgment as to Wall is erroneous. If it is a suit on the bond (and counsel contend that it is) and the judgment is erroneous as to Wall, then of necessity it must be erroneous as to McElveen. The judgment is *in solido,* and this court has held time and time again that a judgment is an entire and indivisible

whole. Now it is quite true that section 813 of the Code provides that a judgment may be rendered for or against one or more of several defendants and that so many verdicts and judgments as may be necessary to adjust the rights of the parties may be rendered in the same action; yet in the very nature of things that can have no application to this kind of a case. It certainly will not be contended that the judgment might have been entered against McElveen for one hundred and ninety-seven dollars, and against Wall for the penalty of the bond in a joint suit against principal and his surety on the bond. In other words, the penalty of the bond is the limit of recovery. This being true and the judgment being admittedly erroneous as to Wall, it necessarily follows that it was erroneous as to McElveen.

Cook, J., delivered the opinion of the court.

Appellee sued out an attachment against the estate of appellant, returnable to the court of a justice of the peace, and Ed. T. Wall was the surety on the attachment bond. The penalty of the bond was eighty-five dollars. Before the defendant in the attachment proceedings, who is appellant here, could traverse the grounds of attachment, appellee voluntarily dismissed his attachment. Appellant then entered suit in the justice's court against appellee and Wall, the surety on the bond, claiming that the attachment was maliciously sued out, with intent to injure the reputation of the defendant. A trial was had, which resulted in appellant securing a judgment for one hundred and ninety-seven dollars against the plaintiff in attachment, McElveen, and Ott, the surety on the bond. McElveen and Ott let the day for appeal slip by, and the case was brought to the circuit court by *certiorari* for errors of law apparent upon the face of the record.

In the meantime Wall departed this life, and the suit was revived in the name of his administrator. The cir-

cuit court reversed the judgment of the justice of the peace, because it was error to render judgment against Wall, the surety on the bond, for more than the amount of the penalty of the bond; and, as the judgment of the justice of the peace was indivisible and *in solido,* the court held that he must reverse as to both defendants. Whereupon plaintiff there, who is appellant here, dismissed his case against Wall, and made a motion that the judgment be affirmed as to McElveen; there being no errors of law apparent upon the face of the record so far as he was concerned. This motion was overruled, a jury was impaneled, and the case was tried *de novo.* The jury rendered a verdict in favor of defendant, and the whole matter is here for review.

The only question for us to decide is: Did the circuit court err in deciding that, the judgment of the justice court being erroneous as to Wall, it followed that it was also erroneous as to McElveen? In other words, was the judgment inseparable, and, as the court below put it, *in solido?* Should the trial court have affirmed the judgment of the justice of the peace rendered against McElveen? The justice of the peace had jurisdiction of the case, and the judgment rendered against appellee was responsive to the pleadings. We can see no reason why the plaintiff in the justice's court could not have there dismissed his case against the surety on the bond and proceeded against the principal. The surety was liable only because he had signed the attachment bond, and while it is true judgment could not have been rendered against him after the suit had been dismissed against the principal, *non constat* that judgment was not proper against the principal because the case is dismissed as to his surety.

The judgment rendered by the justice of the peace was divisible, and when appellant dismissed his case against the surety a perfectly valid judgment still remained against appellee.

*Reversed and remanded.*